IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 01-cv-01857-RPM

ATTORNEYS TITLE GUARANTY FUND, INC.,
As successor in interest and assignee of
Joseph H. Fallon, IV,

    Plaintiff,

v.

PROLAND MANAGEMENT, LLC;
CRAIG NELSON; and
TOM WARNES,

    Defendants.
_____

### ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
_____

    The plaintiff seeks to recover against the defendants Proland Management, LLC, Craig Nelson and Tom Warnes, as co-makers on a note dated June 27, 2001, to Joseph H. Fallon, IV, as payee.  After this case was filed, Joseph H. Fallon, IV, assigned all of his interest to the plaintiff Attorneys Title Guaranty Fund, Inc., and the real estate which was security for the payment of the note has been foreclosed with Joseph Fallon, IV, as the purchaser in foreclosure.  The action now is for a deficiency balance after crediting the amount of Fallon's bid at the foreclosure sale.

    Proland Management, LLC, filed a Chapter 11 bankruptcy proceeding which stayed this action as to it.  In the course of that bankruptcy proceeding, Proland and Fallon entered into a stipulation to settle and compromise their respective claims made

in Fallon's motion for relief from stay and Proland's adversary proceeding against Fallon, alleging that the note and deed of trust were given without adequate consideration. The terms of that settlement were based on a pending contract for Proland to sell the security enabling it to pay Fallon in a stipulated amount. The settlement also provided that if the sale did not close, Fallon would be granted immediate relief from the stay to pursue non-bankruptcy remedies. The sale did not close and, as noted, Fallon proceeded with foreclosure.

The defendants admit making the note. The individual defendants assert that they were guarantors of Proland's obligation.

Attorneys Title Guaranty Fund, Inc., filed a motion for summary judgment on July 15, 2005, and the defendants filed their opposition.

The defendants' argument that the note is invalid because Proland did not receive value is foreclosed by Proland's admissions made in the bankruptcy proceeding.

The defendants' argument that the note is usurious under Colorado law does not preclude enforcement of the obligation. It is relevant only to the determination of the amount which may be collected, both as to the terms of the note and Colorado law.

The individual defendants seem to suggest but have not formally argued that their obligation as guarantors was modified without their consent in the stipulation in the bankruptcy proceeding. As earlier noted, the stipulation is now of no legal effect on the terms of the note because the settlement was specifically conditioned on Proland's sale, which did not occur. Moreover, the individual defendants are liable as co-makers

on the note.

The defendants also contend that the note should be considered discharged because Fallon did not comply with the obligation under Colorado law to bid the fair value of the property in the foreclosure sale.  That is a matter to be determined upon trial of the questions concerning the amount which the plaintiff may now recover.

Upon the foregoing, it is

ORDERED that the plaintiff's motion for summary judgment is granted to the extent that the defendants Proland Management, LLC, Craig Nelson, and Tom Warnes are liable on the note in an amount to be determined upon trial.

DATED: March 15th , 2006

                BY THE COURT:

                s/Richard P. Matsch

                _____
                Richard P. Matsch, Senior District Judge